UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-01732-RGK | Date | January 5, 2024 |
|---|---|---|---|
| Title | *In Re Phu V. Pham* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Appellant: | Attorneys Present for Appellee: |
|---|---|
| Not Present | Not Present |

**Proceedings:**  (IN CHAMBERS) Order Re: Amended Notice of Appeal and Motion for Relief from a Judgment or Order [DEs 2, 19]

### I. INTRODUCTION

On August 25, 2023, pro se Appellant Rick Negrette filed a Notice of Appeal with this Court seeking review of a bankruptcy court's August 9, 2023 Order imposing fines and other penalties upon him for numerous violations of 11 U.S.C. § 110 ("§ 110"). The United States Trustee opposed the Appeal. For the following reasons, the Court **AFFIRMS** the Order.

### II. JURISDICTION

A district court has jurisdiction to hear an appeal from a bankruptcy court's final order. 28 U.S.C. § 158(a)(1). An order to pay a fine for a violation of § 110 is a final order. *In re Jackson*, 2014 WL 5575293, at *7 (B.A.P. 9th Cir. Nov. 3, 2014).

### III. FACTUAL BACKGROUND

The following facts are undisputed unless noted otherwise:

On December 7, 2022, Phu Van Pham ("Debtor") filed a Petition for Chapter 7 bankruptcy. (Ex. 5 at 20, ECF No. 17-6 at 20.) To file the petition, Debtor enlisted Negrette, a paralegal associated with a business called 1-2-1 Legal Solutions. (*Id.* at 15, 17.) Negrette prepared and submitted the Petition on Debtor's behalf. (*Id.* at 15.) Negrette instructed Debtor not to tell anyone that he had received help with his bankruptcy paperwork. (*Id.*)

Although the parties dispute the exact amount, they agree that Debtor paid Negrette at least $300 for his services. (Ex. 6 at 3, ECF No. 17-7.) In addition to this fee, Negrette collected Debtor's filing fee, which Negrette in turn submitted to the court. (Ex. 5 at 15.)

UNITED STATES DISTRICT COURT | JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-01732-RGK | Date | January 5, 2024 |
|---|---|---|---|
| Title | *In Re Phu V. Pham* | | |

On May 4, 2023, the United States Trustee filed a Motion alleging that Negrette had engaged in numerous violations of § 110, which penalizes individuals who negligently or fraudulently prepare bankruptcy petitions. (Ex. 5.) The United States Trustee asked the bankruptcy court to (1) assess fines and damages for these violations and (2) order Negrette to forfeit the fees Debtor had paid him.

On July 25, 2023, the bankruptcy court detailed its findings in a tentative order. (Ex. 8, ECF No. 17-9.) Specifically, the bankruptcy court determined that Negrette had failed to disclose his identity when he prepared the Petition and committed eight violations of § 110 as follows:

- Three violations of § 110(b)(1) for failing to sign and print his name and address on the bankruptcy petition, schedules, and statement of financial affairs;
- Three violations of § 110(c)(1) for failing to report his social security number on the same three documents;
- One violation of § 110(g)(1) for collecting Debtor's filing fee; and
- One violation of § 110(f) for advertising his business as a "legal" business.

The court expressed its intention to impose a $500 fine for each violation, which would be tripled pursuant to § 110(l)(2) to total $12,000.

The bankruptcy court held a hearing shortly after issuing its tentative order. (Ex. 10, ECF No. 17-11.) During that hearing, Negrette asked the court to exercise its discretion and lower the fines due to several mitigating factors. Most notably, Negrette claimed he lacked adequate financial means to pay a $12,000 fine because he had limited savings, received government assistance, and earned approximately $300 per week as an Uber driver. On August 9, 2023, the Court granted the Motion and ordered Negrette to pay a $12,000 fine, in addition to other penalties which Negrette does not challenge on Appeal. (Ex. 9, ECF No. 18-10.)

## IV.    STANDARD OF REVIEW

A bankruptcy court's factual findings with respect to violations of § 110 are reviewed for clear error, while the "imposition of discretionary penalties for violations of § 110" is reviewed for abuse of discretion. *In re Reynoso*, 315 B.R. 544, 550 (B.A.P. 9th Cir. 2004). "A factual finding is clearly erroneous if the appellate court, after reviewing the record, has a firm and definite conviction that a mistake has been committed." *Id.* at 549. Reversal under the abuse of discretion standard is warranted if the appellate court reaches "a definite and firm conviction that the bankruptcy court committed a clear error of judgment in the conclusion it reached." *Id.* at 550 (quoting *In re Black*, 222 B.R. 896, 899 (B.A.P. 9th Cir. 1998)).

UNITED STATES DISTRICT COURT    JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-01732-RGK | Date | January 5, 2024 |
|---|---|---|---|
| Title | *In Re Phu V. Pham* | | |

**V.    DISCUSSION**

Negrette seeks a reversal of the bankruptcy court's August 9, 2023 Order requiring him to pay a $12,000 fine for his numerous violations of § 110. Negrette does not appear to dispute the bankruptcy court's factual findings, and for good reason: there is ample evidence in the record that supports the bankruptcy court's factual determinations. Instead, Negrette argues[1] that the bankruptcy court erred when it did not exercise its discretion to lower the fine in consideration of several mitigating factors that, according to Negrette, weigh in favor of reducing the penalty. These mitigating factors include: (1) the fact that Negrette had not previously been found to be in violation of § 110; (2) the fact that Negrette had since removed the impermissible advertisement for his business; (3) the fact that Debtor was referred to Negrette through a personal connection, and not through the advertisement; and (4) Negrette's inability to pay.

In support of his Appeal, Negrette provides examples of courts who exercised their discretion to impose fines lower than the statutory maximum.[2] Negrette does not cite to—nor is the Court aware of—any legal authority requiring a court to impose a fine less than statutory maximum in consideration of mitigating factors. In fact, a fine prescribed by statute is presumptively constitutional. *See United States v. Bajakajian*, 524 U.S. 321, 336 (1998) (reasoning that "judgments about the appropriate punishment for an offense belong in the first instance to the legislature."); *see also United States v. Mackby*, 221 F. Supp. 2d 1106, 1110 (N.D. Cal. 2002) (reasoning that a penalty that falls "within the range prescribed by statute" is "presumptively constitutional"). Accordingly, the bankruptcy court did not abuse its discretion when it imposed the maximum penalty allowed under § 110.

---

[1] The Court considers arguments advanced in Negrette's Opening Brief, which was timely filed on October 23, 2023. (ECF No. 16.) Negrette's reply, styled as "Appellant's Rebuttal of Brief of Appelle." (sic) was untimely filed on December 20, 2023. (ECF No. 18; *see also* Min. Order, ECF No. 11 (setting filing deadline for optional reply brief as December 8, 2023).) The Court struck the untimely reply and does not consider the arguments advanced therein. (ECF No. 19.) It appears Negrette misunderstood the Court's Order striking the untimely brief. On January 3, 2024, Negrette filed a Motion for Relief from Order asking the Court to consider his Opening Brief. (ECF No. 21.) For the reasons explained above, Negrette's Motion is **DENIED as moot**.

[2] Negrette additionally cites to numerous authorities that are inapposite to his case. For example, Negrette cites 15 C.F.R. § 904.108, which relates to procedures concerning the National Oceanic and Atmospheric Administration. Many of the cases Negrette cites are also irrelevant, such as Negrette's citation to *Diehl v. Franklin*, 826 F. Supp. 874 (D.N.J. 1993), to support his argument that the bankruptcy court was required to consider his ability to pay the fine. Because *Diehl* involved an entirely different statute than that at issue here, it is inapplicable. Finally, Negrette cites to California state law concerning state courts' obligations to consider an individual's ability to pay in various circumstances. This law is also not relevant here.

UNITED STATES DISTRICT COURT | JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-01732-RGK | Date | January 5, 2024 |
|---|---|---|---|
| Title | *In Re Phu V. Pham* | | |

**VI.    CONCLUSION**

For the foregoing reasons, the Court **AFFIRMS** the Order. The Court additionally **DENIES** Appellant's Motion for Relief from the Court's Order [21], as explained in footnote 1.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/ak |